STATE ex rel. THORP, Collector, v. PHIPPS, Appellant.

Division One, February 15, 1899.

School Tax: APPORTIONMENT OF FUNDS. Where there has been submitted a proposition to the voters of a school district to increase the tax for "school purposes" to one hundred cents on the $100, and such increase has been authorized at the annual school meeting, the authority to apportion the tax among the teachers', incidental and interest funds, rests in the school board. With such apportionment the voters have nothing to do. Nor is the apportionment actually made by the board in anywise affected by the fact that a different apportionment was suggested in the notice of the annual meeting.

*Appeal from Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

L. L. SCOTT for appellant.

(1) A school board has no authority to certify an estimate to the county clerk wherein the rate of taxation exceeds the annual rate of forty cents on the $100 valuation until a majority of the qualified voters of such school district vote in favor of such increase. Art. 10, sec. 11, Constitution; R. S. 1889, sec. 8005. (2) The school board shall submit the proposed increase in excess of the annual rate of forty cents on the $100 valuation, after having given notice as required by section 8000, Revised Statutes 1889, to the qualified voters of such school district and a majority of said voters must vote in favor of said increase. Art. 10, sec. 11, Constitution; R. S. 1889, secs. 7979 and 8005. (3) The school board shall file an estimate with the county clerk, containing: First, the proposed increase as voted by the voters of the school district. R. S. 1889, secs. 8000 and 8005. Second, The result of the vote upon such proposition to increase the rate above the annual rate of forty cents on the $100 valuation. R. S. 1889, sec. 8005.

T. J. MYERS for respondent.

The only question for the court to determine, is whether or not the levy for teachers' and incidental funds is void for the reason that the county clerk extended taxes against the property of defendant for teachers' and incidental funds at the rate of eighty-five cents on the $100 valuation instead of $1 on the $100 as voted at the annual school election.

BRACE, P. J.—This is an action upon a back tax bill in which the plaintiff recovered judgment for $13.23, for taxes due Sheldon school district in Vernon county for the year 1895, the only tax in dispute.

The school tax in question was duly assessed and levied under the provisions of section 8067, Revised Statutes 1889, against the defendant's property on the following estimate,

returned to the county clerk by the school board under the provision of section 8000, Revised Statutes 1889.

"ESTIMATE.

"To the County Clerk of Vernon County, Missouri:

"Dear Sir: Please find herein an estimate of the amount of funds necessary to sustain the public schools in this District of Sheldon, Township No. 34, Range No. 31, for the period of 8 months, for the year beginning July 1, 1895.

| | | Amt. Levied | |
| --- | --- | --- | --- |
| 1. For Teachers' Fund, sections 7979, 8000, 8007, and 8067.................. | | $1,300 | $0.70 | cts. per $100 |
| 2. For Incidental Fund, sections 7979, 8000, 8005, 8007 and 8067.......... | | 170 | 15 | cts. per $100 |
| 3. For Building Fund, sections 7979, 8000, 8006, 8007 and 8067........... | | | | |
| 4. For Sinking Fund, section 7986.............. | | | | |
| 5. For Annual Interest, section 7987............. | | 150 | 13 | cts. per $100 |
| 6. TOTAL. | | | | |
| 7. Estimated cash on hand July 1, 1895.... | $300 | | | |
| 8. Amount estimated from Public Funds. | $300 | | | |
| 9. Amount to be levied on Taxable Property of the District................ | | | 98 | cts. per $100 |

"I hereby certify that by the school board, on the first Tuesday in April, 1895, it was ordered that school be held for the period of 8 months and that the various amounts above specified were voted for sustaining and carrying on the same, as follows:

"First. That a majority-vote of those who are taxpayers was given to increase the levy for "school purposes" to 100

cents on the $100 valuation, provided so much is needed to raise the above amounts for teachers' and incidental fund, as provided in section 8005. The total amount needed for all purposes will not exceed $0.98.

"Second. That a separate vote was taken for "building purposes" and two-thirds of all the qualified voters in the district voted in favor of a levy of —— cents on the $100 valuation to raise the above amounts as provided in section 8006.

"Third. That "by order of the board" a levy of —— cents on the $100 valuation was authorized to raise above amount for "sinking fund" to meet legal bonded indebtedness, and 13 cents on the $100 valuation to liquidate accrued "interest" on same, as provided for in section 7986 and 7987.

"Done by order of the board, this May 8th, 1895.

"J. G. Campbell, District Clerk.

"Levy 98 cents total."

(1) The defendant contends that this estimate and levy was not authorized by the election held for that purpose in pursuance of the following notice:

## "NOTICE OF ANNUAL SCHOOL ELECTION.

"Notice is hereby given to the qualified voters of the School District of Sheldon, Township 34, Range 31, County of Vernon and State of Missouri, that the annual school election of said district will be held at the office of J. G. Campbell in the city of Sheldon, in said district, on Tuesday, the 2d day of April, 1895, commencing at 7 a. m., and closing at 6 p. m. of that day for the following purposes, viz.: To elect three directors, two for a term of three years and one for a term of two years; also to vote on a proposition to levy 100 cents on the $100 assessed valuation of the district for school purposes; 85 cents of said 100 cents to be applied for teachers' fund and 15 cents of said 100 cents to be applied for incidental fund. Also to vote on a proposition to levy 5 cents on

the $100 assessed valuation of the district for a building
fund.

"Done by order of the Board, this 28th day of February,
1895.                                           J. G. Campbell,
                                         "Secretary of Board."

The contention being that a vote authorizing a levy of
one hundred cents on the $100 assessed valuation of the dis-
trict for school purposes; eighty-five cents for teachers' fund,
and fifteen cents for incidental fund—did not authorize a
levy of ninety-eight cents on the $100 for school purposes,
seventy cents for teachers' fund—fifteen cents for incidental
fund and thirteen cents for annual interest.

Under the Constitution the annual rates of taxation for
school purposes in such districts may be increased to one hun-
dred cents on the $100, "on condition that a majority of the
voters who are taxpayers, voting at an election held to decide
the question, vote for said increase." [Art. X, sec. 11.]

By section 8005, Revised Statutes 1889, it is provided
that, "Whenever it shall become necessary, in the judgment
of the board of directors or trustees of any school district,
to increase the annual rate of taxation for school purposes
. . . . . . . such board shall determine the rate of taxation nec-
essary to be levied in such district within the maximum rates
prescribed by the Constitution for such purposes, and shall
submit to the voters . . . . . . . who are taxpayers of such
. . . . . . . district, at an election to be by such board called and
held for that purpose . . . . . . . whether the rate of taxation
shall be increased as proposed by said board, due notice having
been given as required by section 8007; and if a majority of
the voters, who are taxpayers, voting at such election shall
vote in favor of such increase, the result of such vote, and the
rate of taxation so voted in such district shall be certified by
the clerk or secretary of such board or district to the clerk of
the county court of the proper county, who shall, on receipt
thereof, proceed to assess," etc.

Section 8007 provides that notice shall be given by such board "of the time and place of holding such election and the purposes for which it is held," and section 8000 provides that such boards "shall forward to the county clerk an estimate of the amount of funds necessary to sustain the schools of their district for the time required by law, or, when a longer term has been ordered by the annual meeting, for the time thus decided upon, together with such other amount for purchasing site, erecting buildings, or meeting bonded indebtedness and interest on same, as may have been legally ordered in such estimate, stating clearly the amount deemed necessary for each fund, and the rate required to raise said amount."

The question which the Constitution required to be submitted to the taxpaying voters of the district, was, whether the rate of taxation for school purposes might be increased to one hundred cents on the $100 and that is the only question the statute required to be submitted to their vote. Sec. 8005.

That question was decided in favor of such increase in this instance, and authorized an increase of the rate to ninety-eight cents on the $100, the same being within the limit of the authority granted. With the apportionment of the tax thus authorized the voters had nothing to do. That duty was devolved upon the board. Sec. 8000. And the authority to apportion the same as was done in the estimate in question was in no way affected by the suggestion of a different apportionment in the notice of the election. So that there is nothing in this contention.

(2) On the trial the defendant introduced evidence tending to prove that in pursuance of the election, another and different estimate from the one in question was made and forwarded to the clerk, in which the apportionment was different from that suggested in the notice of the election and from that adopted in this estimate. But as that estimate was

withdrawn and never acted upon, and the estimate in question substituted therefor and was the one upon which the levy was made, we do not see how the validity of this tax can be in any way affected by the fact that such an estimate was made, or by any defects thereof.

The judgment of the circuit court is affirmed.

All concur.